UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

7X HOLDINGS LLC,

    Plaintiff,

v.                                                                                          CASE NO.:

WALTON COUNTY, FLORIDA,

    Defendant.

---

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, 7X HOLDINGS LLC ("7X") sues defendant, WALTON COUNTY, FLORIDA, (the "County"), and alleges:

1. This is an action for declaratory relief pursuant section 86.11, Florida Statutes (2021), to determine the rights and interests of the parties under the Access Easement (defined herein) and Florida common law.

2. The value of the property rights in dispute exceeds $75,000.00.

3. 7X is a Texas limited liability company. The sole member of 7X is a resident of the state of Texas. Walton County is a political subdivision of the State of Florida. This Court has jurisdiction under 28 U.S.C. § 1332.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

5. All conditions precedent to bringing this action have been satisfied or waived.

6. On May 22, 2020, 7X acquired title to beach front property in Walton County through a deed recorded on May 27, 2020 (the "Property"). The Property is described in the deed attached hereto as exhibit A.

7. At the time of the purchase, a portion of the Property was subject to a 75-foot limited access easement which was conveyed by The St. Joe Company to the County in 2002 (the "Access Easement"). The Access Easement is attached hereto as exhibit B.

8. The terms of the Access Easement expressly limit the scope of the rights granted therein by providing the following limited purpose:

> **Purpose**. The easements and rights-of-way hereby granted shall be and exist for the purpose of providing to the County, its citizens, employees, guests, invitees, and licensees, a way of passage, on or by foot only over and upon the Easement Parcels. . . . The easements hereby granted shall not include the right to park on the Easement Parcels.

*See* exhibit B, ¶ 1.

9. The Access Easement further provides that it will be deemed abandoned if the County attempts to use 7X's Property for a purpose not specified in the Access Easement. Specifically, the Access Easement includes an abandonment provision which conditions the duration of Easement upon the following:

> 8. **Abandonment**. These easements shall continue in effect *for so long as* the County or its successor or assign shall use the easements *for their intended purpose as expressed herein* . . . . [I]f the County should use or attempt to use an easement granted herein for a purpose not specified herein, all rights hereby granted shall cease and terminate and all of the County's interest in this Easement shall revert to St. Joe.

*See* exhibit B, ¶ 8.

10. The customary use ordinance (the "Ordinance") came into effect on April 1, 2017. The Ordinance purports to convey to the public substantial property rights upon the Property, stating in pertinent part:

> No individual, group, or entity shall impede or interfere with the right of the public at large, including the residents and visitors of the county, to utilize the dry sand areas of the beach that are owned by private entities for recreational purposes.

The Ordinance further states:

> "the following recreational activities . . . for members of the public on the dry sand areas of the beach that are owned by private entities: walking; jogging; sitting on the sand, in a beach chair, or on a beach towel or blanket; using a beach umbrella that is ten (10) feet or less in diameter; sunbathing; picnicking; fishing; playing beach games; building sand castles; and similar recreational activities."

A copy of the Ordinance is attached hereto as exhibit C.

11. The Ordinance attempts to convey rights to persons who would otherwise have no right to access, possess or use any of the Property not covered by

3

the Access Easement. The Ordinance also provides for the occupation and use of the Property beyond the stated purpose of the Access Easement which was limited to foot traffic passage to the beach.

12. The Florida Legislature enacted section 163.035, Florida Statutes, (the "Customary Use Statute") which became effective July 1, 2018, rendering the Ordinance ineffective.

13. The Customary Use Statute outlines a two-step process whereby a local government can seek to judicially affirm the existence of customary use of a particular area of the beach.

14. On December 11, 2018, in an attempt to establish customary use upon the entire coastline of Walton County, the County filed its initial Complaint for Declaration of Recreational Customary Use ("Initial Complaint") in the Circuit Court of the First Judicial Circuit in and for Walton County, Florida, in Case No. 2018-CA-000547, styled as *In re: Affirming Existing of Recreational Customary Use on 1,194 Private Properties Located in Walton County, Florida*, (the "Customary Use Lawsuit").

15. The County is seeking to affirm substantially the same improper uses of 7X's Property as it sought under the Ordinance, including: "traversing the beach; sitting on the sand, in a beach chair, or on a beach towel or blanket; using a beach umbrella that is seven (7) feet or less in diameter; sunbathing; picnicking; fishing;

4

swimming or surfing off the beach; placement of surfing or fishing equipment; and building sand creations. *See* Customary Use Lawsuit, Initial Complaint, filed December 11, 2018, ¶ 22; *see also*, Customary Use Lawsuit, Corrected Amended Complaint for Declaration Affirming Recreational Customary Use, filed October 28, 2020, ¶ 32.

16. The County's Customary Use Lawsuit is another attempt by the County to use the Property beyond the limited use permitted by the express terms of the Access Easement.

17. In a recent decision involving an appeal of a declaratory action brought by two owners of beachfront property, *A Flock of Seagirls, LLC, et al vs. Walton County Florida*, Case No.: 20-12584, the United States Circuit Court of Appeals for the 11th Circuit entered an order on August 5, 2021, finding that the County's enactment of the Ordinance triggered the terms of the Access Easement's abandonment clause.

18. Pursuant to paragraph 8 of the Access Easement, 7X requested confirmation that the County has or will abandon the Access Easement. *See* correspondence dated December 17, 2021, attached hereto as exhibit D. Walton County verbally agreed to abandon the Access Easement, but they have failed to abandon the easement or confirm the abandonment in writing by the deadline requested by 7X. Since the Ordinance went into effect on April 1, 2017, the County

could argue the 5-year statute of limitations for this action began to run on that date. To avoid that argument, 7X requested the County abandon the easement on or before April 1, 2022. Walton County has not abandoned the Access Easement or confirmed in writing the easement is abandoned.

19. The parties are in doubt as to their rights under the Access Easement and the common law of Florida.

20. By reason of the foregoing, there is a bona fide, actual, present, practical need for the declaration determining their rights under the Access Easement.

WHEREFORE, 7X requests the Court enter a judgment:

a. declaring the County's Access Easement is abandoned and void;

b. declaring the County has no easement, right of access or use over any portion of the Access Easement;

c. granting any additional relief the Court deems appropriate, including costs and attorney fees incurred in this action.

This 1st day of April, 2022.

BARRON & REDDING, P.A.

_____
Clifford W. Sanborn
Florida Bar #0442143
Valentina M. Palmer

Florida Bar #1003502
P. O. Box 2467
Panama City, Florida 32402
(850) 785-7454
Primary: csanborn@barronredding.com
Secondary: hmocilan@barronredding.com
Primary: vpalmer@barronredding.com
Secondary: chodges@barronredding.com
ATTORNEYS FOR 7X HOLDINGS LLC